In the Matter of the Appraisal under the Transfer Tax Act of the Trust Estate Held for the Life of JOHN O'BERRY with Remainder, under the Will of LOFTIS WOOD, Deceased.

THE COMPTROLLER OF THE STATE OF NEW YORK, Appellant; MARY J. HOWEY, Respondent.

1. TRANSFER TAX — INTEREST IS INCLUDED IN LIABILITY TO REFUND AMOUNT OF VOID TAX. When either the state or one of its cities or political divisions becomes liable by statute or otherwise to "refund" a tax paid which was illegal or void the right to interest follows without any express provision on the subject.

2. SAME. The amount of a transfer tax imposed upon an estate in remainder under an unconstitutional law and paid by the executor is recoverable with interest, although section 225 of the Tax Law (L. 1896, ch. 908, as amd.), providing for the refunding of the tax makes no mention of interest; and the fact that section 256, relating to the repayment of illegal or excessive taxes generally, expressly provides for the payment of interest does not indicate a legislative intention to deny it in such cases.

*Matter of O'Berry*, 91 App. Div. 3, affirmed.

(Argued October 5, 1904; decided October 28, 1904.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered January 29, 1904, which affirmed an order of the Kings County Surrogate's Court directing the state comptroller to refund a transfer tax erroneously collected, with interest.

The facts, so far as material, are stated in the opinion.

*Jabish Holmes, Jr., Leonard B. Smith* and *Frank Julian Price* for appellant. The petitioner's entire right to a refund rests upon section 225 of the Transfer Act, and as that section does not provide that the comptroller may refund the interest from the date of payment of the tax, the court had no power to order him to do so. (*Lewis v. State*, 96 N. Y. 71; *People v. Denison*, 84 N. Y. 272; *Rexford v. State*, 105 N. Y. 229; Burroughs on Taxn. 225; 2 Cooley on Taxn. [3d ed.] 1487; *United States v. North Carolina*, 136

U. S. 211; *McFarland* v. *City of Brooklyn*, 122 N. Y. 585; *S.*, etc., *Society* v. *San Francisco*, 131 Cal. 356; *Weir* v. *A. Co.*, 95 Penn. St. 413; *Tripler* v. *Mayor*, etc., 126 N. Y. 617; *Redmond* v. *Mayor*, etc., 125 N. Y. 632; *Matter of McCue* v. *Supervisors*, 162 N. Y. 235.) The statute not authorizing the refund of interest, it is well settled that a state or municipality is not liable for interest upon claims against it except on failure to pay after the proper demand has been made. (*People* v. *Canal Comrs.*, 5 Den. 401; *Taylor* v. *Mayor*, etc., 67 N. Y. 87; *Donnelly* v. *City of Brooklyn*, 7 N. Y. Supp. 49; *Hall* v. *Mayor*, 7 Daly, 44; *Phillip* v. *Cudlipp*, 55 How. Pr. 363; *United States* v. *North Carolina*, 136 U. S. 211; *United States* v. *Sherman*, 98 U. S. 565.)

*Robert H. Wilson* for respondent. The tax upon the respondent's remainder, being absolutely illegal and void, and not having been paid voluntarily by her, the state was properly charged with interest upon the refund thereof. (*Matter of Scrimgeour*, 39 Misc. Rep. 128; 80 App. Div. 388; 175 N. Y. 507; *Æ. Ins. Co.* v. *Mayor*, etc., 7 App. Div. 145; 153 N. Y. 331; *Tifft* v. *City of Buffalo*, 25 App. Div. 376; 164 N. Y. 605; *People ex rel.* v. *Canal Comrs.*, 5 Den. 401; *City of Grand Rapids* v. *Blakely*, 40 Mich. 367; *B. & S. G. Co.* v. *City of Boston*, 45 Mass. 181; *B. C. Mills* v. *City of Lowell*, 159 Mass. 383; *S. R. Co.* v. *City of Greenville*, 49 S. C. 449; *B. & M. R. R. Co.* v. *State*, 63 N. H. 571; *A. Mfg. Co.* v. *City of Manchester*, 70 N. H. 336; *County of Galveston* v. *G. G. Co.*, 72 Texas, 507.) The respondent is entitled to interest from the date of payment of the tax. (*Matter of Scrimgeour*, 175 N. Y. 507.)

O'BRIEN, J. The petitioner, Mary J. Howey, acquired a vested remainder in the estate of Loftis Wood under the provisions of his will, admitted to probate May 6, 1884. A transfer tax was imposed upon this remainder in a proceeding by the trustees under the will and the tax was adjusted upon the

remainder at $1,172.88 and paid to the comptroller for the state December 7, 1901. Subsequently this court held that a transfer tax upon remainders vested prior to the passage of the law taxing such interests was void as in conflict with the Constitution. (*Matter of Pell*, 171 N. Y. 48.)

By section 225 of the law under which the tax was imposed, as amended by chapter 382 of the Laws of 1900 and chapter 173 of the Laws of 1901, the comptroller was required to refund taxes of this character after the surrogate had reversed the order under which it was collected. In this case the surrogate has reversed his original order and directed the comptroller to refund the tax so paid with interest. The Appellate Division has affirmed the order and the comptroller has appealed to this court, but only from that part of the order which requires the payment of interest, and hence the only question presented by the appeal is whether that part of the order which requires the payment of interest is erroneous.

The tax in question was imposed and collected by the state under color of a law that was absolutely void. It was a void tax and not merely voidable for some irregularity or error, and had no support except an unconstitutional statute. Such a law is simply void. It confers no rights, imposes no duties, confers no power, and in legal contemplation is as inoperative, for any purpose, as if it had never been passed. (*Norton v. Shelby County*, 118 U. S. 425; *Matter of Brenner*, 170 N. Y. 185, 194.) So that the only question before us is whether the comptroller, having received the money without right and used it for the purposes of the state under a promise to refund it, was properly charged by the court with interest.

The only contention on the part of the state is that, since the statute providing for refunding taxes in such cases makes no mention of interest, the order to that extent was made without legal authority, and, therefore, is erroneous.

The general law for the assessment and collection of taxes upon real and personal property provides that, in case of payment of an illegal or excessive tax, subsequently corrected by the courts, it shall be repaid to the taxpayer with interest.

(§ 256.) This would seem to express the general policy of the state as to the refunding of taxes improperly collected. But it is said that this rule does not apply to taxes upon transfers, since the very section directing such taxes to be refunded, when the order imposing them is reversed, is silent as to interest, and being silent no interest can be allowed. If this contention be correct it follows that the state, when restoring illegal or excessive taxes to the living taxpayer, must pay interest, but when doing justice to the estates of the dead or to the widow and children of the dead, no interest can be allowed. This anomaly is produced, as it seems to me, by exaggerating the importance of the word *interest* in the one statute and its omission in the other. In this case the state has promised to *refund* the tax, that is, to make the party good who paid it. The state, having received the money without right, and having retained and used it, is bound to make the party good just as an individual would be under like circumstances. The obligation to *refund* money received and retained without right implies and carries with it the right to interest. Whenever money has been received by a party which *ex æquo et bono* ought to be refunded the right to interest follows, as matter of course. (*Barr* v. *Haseldon*, 10 Rich. Eq. 53.)

In the *Scrimgeour* case the surrogate, under the same statute, reversed the order imposing the tax, as he did in this case, and directed that it be refunded *with interest*. That order was affirmed at the Appellate Division (80 App. Div. 388) and in this court (175 N. Y. 507).

The case of *Woerz* v. *Schuimacher* (161 N. Y. 530) is quite in point. The only question in that case was the right to interest under a written agreement, which, like the statute in this case, made no mention of interest, but one party agreed to *reimburse* the other for certain outlays. It was held that the obligation to *reimburse* carried with it *ex vi termini* the right to interest on the sums paid. The discussion in that case shows that there are many cases in which interest is properly allowed other than those cases embraced within the general rule; that is to say, cases where interest is given by

express contract or as damages. The doctrine of that case is decisive of the case at bar unless there is some difference or distinction between an obligation to *reimburse* a party for outlays and an obligation to *refund* money received and retained without right. If such a distinction exists, I am not able to perceive it. If the parties now before us were to be reversed and the case was one where Mrs. Howey had received and retained the money of the state without right and was sued to recover it, and the court had charged her with interest, I venture to say that this court would not think of disturbing the judgment simply because she had been charged with interest. When the state assumes an obligation to return money collected under an unconstitutional law the obligation is subject to the same construction as all like obligations of private parties. Indeed, the obligations of the state are often measured by even broader rules of justice and honor than are applied to private persons.

The rule in this respect was well stated in the early case of *People ex rel. Bank of Monroe* v. *Canal Commissioners* (5 Denio, 401) as follows:

"The state as such, is not liable to pay either principal or interest, as it cannot be sued by a citizen, and of course cannot be compelled to pay any debt. But where questions of public indebtedness come before the judicial tribunals through the agency of public officers over whom the court has jurisdiction, they do not hesitate to dispose of them upon the same legal and equitable principles which govern judicial decisions as between individuals. They apply the settled rules of law to such cases, and adjudicate upon the payment of both principal and interest in the same manner as in other cases. It is only in such cases that the judicial tribunals can direct the payment of a public debt, and there is no reason why in directing such payment, the public agents should not be directed to do as ample justice as an individual would be required to do. Hence, if the question of the liability of the State to the payment of a claim for damages comes properly before a judicial tribunal, whether so brought by the public officer or the other

party, the tribunal in adjudicating upon the question will, if it determines the claim against the State to be just, in addition to directing its payment, also direct the payment of interest thereon where it would in other cases direct such interest to be paid.   *   *   * "

" *   *   * Indeed, there can be no reason why the State, refusing or unable to pay a just debt, should not pay interest thereon in the same manner as individuals."

It will be noted that the present case comes before this court through the agency of a public officer, to wit, the state comptroller, over whom the court has complete jurisdiction.

In the case of *Ætna Ins. Co.* v. *Mayor, etc., of N. Y.* (7 App. Div. 145) the plaintiff recovered the amount of the tax held to be illegal and void *with interest* from the date of payment. The judgment in that case was affirmed in this court after full discussion in an opinion by Judge MARTIN, and it was held that, since the tax was illegal and void, no demand was necessary in order to put the defendant in default. (153 N. Y. 331.)

In *Tifft* v. *City of Buffalo* (25 App. Div. 376) the plaintiff recovered judgment for the amount of a void assessment paid *with* interest and the recovery was affirmed in that court and in this court (164 N. Y. 605). So it was decided in the case of *B. & S. G. Co.* v. *City of Boston* (45 Mass. [4 Metc.] 181), that interest was properly awarded to a party who had paid an illegal tax. (*Boott Cotton Mills* v. *City of Lowell* (159 Mass. 383).

In the case of *Boston & Maine Railroad* v. *State* (63 N. H. 571) practically the sole question was with respect to the right to interest, not for a tax paid that was illegal and void, but simply excessive, and it was held that a taxpayer who has paid more than his share of the public expense may be entitled to interest on the excess abated by such an order as justice requires.

The same rule was announced by the same court and even in a broader way in a subsequent case. (*Amoskeag Mfg. Co.* v. *Manchester*, 70 N. H. 336.) There are numerous other

authorities and cases to the same effect, all holding in effect that the taxpayer from whom an illegal or void tax is collected is entitled to interest on the amount. (*City of Grand Rapids* v. *Blakely*, 40 Mich. 367; *County of Galveston* v. *Galveston Gas Co.*, 72 Tex. 509; *Southern Railway Co.* v. *Greenville*, 49 S. C. 449.)

In none of these cases was the right to interest claimed under any statute expressly providing for it, but upon general principles of law where money is received without right and the party receiving it is bound in equity and good conscience to refund it. It was only an exercise of the general power to compel a party to an action or legal proceeding to refund or make restitution of money collected under an illegal order or some other authority, which in the end was held to be void and this is such a case.

Enough has been stated to prove that when either the state or one of its cities or political divisions becomes liable by statute or otherwise to *refund* a tax paid which was illegal or void the right to interest follows without any express provision on the subject. There cannot be one law for political divisions, to whom the power of imposing and collecting taxes is delegated by the state and another law for the state itself when it receives the illegal tax directly and places it in its own treasury.

The contention of the learned counsel for the state that the payment of the tax was voluntary and hence not recoverable needs no answer, since a tax collected and paid under a void law can never be deemed a voluntary act on the part of the taxpayer. The opinion of Judge MARTIN in the case of *Ætna Ins. Co.* v. *Mayor, etc., of N. Y.* (153 N. Y. 331), concurred in by this court, furnishes a complete answer to that contention. It was there held that an action for money had and received would lie for the recovery of money paid upon a void tax and it may be safely asserted that the right to interest is one of the incidents of a claim in such an action. Moreover, there is no appeal before us except from that part of the order relating to interest. Of course no one contests the point that

the state cannot be sued or impleaded in its own courts without its consent. The state has authorized the surrogate upon the reversal of the order imposing the tax to direct that the comptroller refund the same to the proper party and hence the principle of the exemption of the state from being sued has no application. The state has elected to confer the power to impose and collect this class of taxes upon the courts and is bound by the rules of law and equity as to interest and otherwise that prevail in its own tribunals. It was the state that brought the petitioner into the Surrogate's Court upon a claim for taxes. It procured what, in effect, was a judgment in its own favor for the tax and it gave its statutory promise to *refund* the money if the judgment was wrong. It is, therefore, in the same position as any other litigant who collects from his neighbor a void or erroneous judgment, and who subsequently is required to make restitution. The sole question then is as to the nature of the obligation to make *restitution* of money received without right and to *refund* money received upon a void tax. Do these obligations carry with them the right to interest or at least confer upon the court the power to allow it as was done in this case? I think that, upon principle and authority, that question must be answered in the affirmative. In this case no one has sued the state or is trying to sue it. The state passed a law under which it brought the petitioner into one of its own courts, namely, the Surrogate's Court, upon an allegation that there was due to the state from the petitioner a sum of money in the form of a transfer tax. The state was successful and procured an order requiring the petitioner to pay this claim, and she did pay it. Subsequently, the courts held that there was no valid law to uphold the claim of the state, and the same court that made the order reversed it and directed the state to make restitution of the money received without right, including interest. These plain and simple facts cannot very well be distorted into a claim that the petitioner is seeking *to sue the state for interest.* The sole question is whether, in a legal controversy between the state and the petitioner, the

surrogate in whose court the proceeding was pending exceeded his power and jurisdiction in directing restitution of money received by the state without any right to it, and allowing interest on the sum so paid. When the courts order a private litigant to make restitution of money paid to him on a judgment reversed for want of authority to render it, I assume that the power to allow interest as part of the restitution will not be questioned.

That the order of the learned surrogate in this case rests firmly upon justice and legal precedent is a proposition that would seem to be so plain that it is superfluous to extend the argument. The petitioner paid a considerable sum of money to the state, and it was demanded and received without any legal authority. To the extent of the sum so received the public burdens upon others were diminished, and so the public, represented by the state, have had the use and benefit of the money. If there is any good reason why the public, represented by the state, should not make her good and return to her the money so paid with its incidents, which is interest, I have not been able to perceive it. The only answer that the petitioner is met with is a very narrow one to apply to such a case, and that is that the word interest is not found in this section of the statute. Interest is not nominated in the law, we are told. What the state agreed to do, it is said, was to *refund*, and it complies with its promise by restoring the bare sum received without interest. I can only add that this contention is not only contrary to principle and to all authority on the question, but is unworthy of a great state.

I think that the order of the surrogate, affirmed at the Appellate Division, was right, and should be affirmed by this court, with costs.

GRAY, HAIGHT, VANN and WERNER, JJ., concur; CULLEN, Ch. J., and MARTIN, J., dissent.

Order affirmed.