PEOPLE ex rel. KNICKERBOCKER TRUST CO. v. KELSEY, Comptroller.

(Supreme Court, Appellate Division, Third Department.   June 27, 1906.)

1. TAXATION—REFUNDING OF TAXES PAID—INTEREST.
   Though Laws 1905, p. 2127, c. 756, directing the Comptroller to revise the amount of taxes collected from certain trust companies in accordance with the decisions of the courts, and to allow such companies a credit for overpayments, is silent on the subject of interest, the trust companies are entitled to interest on the credit from the date of the passage of the law to the date of revision.

Mandamus by the people, on relation of the Knickerbocker Trust Company, to compel Otto Kelsey, as Comptroller of the state, to allow a certain credit in revising relator's taxes.   Submission of controversy upon an agreed state of facts.   Judgment directed in favor of plaintiff.

This is a submission of a controversy upon an agreed state of facts.   The Comptroller assessed the relator for the years 1901, 1902, and 1903 upon its capital, surplus, and undivided profits as they existed on the 30th day of June of each year, under section 187a, added to the tax law (Laws 1896, p. 795, c. 908) by chapter 132, p. 316, Laws 1901, and amended by chapter 535, p. 1319, Laws 1901, and the taxes based upon such assessments were paid by the relator without protest.   After such payment it was determined by the courts that, where the amount of capital employed by a corporation within the state varies from time to time during the year, the assessment should be fixed at the average amount of capital employed for the year, and not upon the highest sum employed at any one time.   People ex rel. Brooklyn R. T. Co. v. Morgan, 57 App. Div. 335, 68 N. Y. Supp. 21, affirmed 168 N. Y. 672, 61 N. E. 1132.   Thereafter the Comptroller revised the relator's account for taxes, upon its application, for the year 1903, upon the basis of the average amount of its capital, surplus, and undivided profits employed during that year, and allowed it a credit for the overpayment for taxes which such revision showed it had made for that year, with interest upon such credit from the time its taxes were paid to the date of revision, but refused to revise its account for taxes for the years 1901 and 1902, because the limitation of one year, contained in section 195 of the tax law (Laws 1896, p. 864, c. 908), authorizing the Comptroller to make such revision, had expired.   The Legislature was then applied to for relief, and by chapter 756, p. 2127, of the Laws of 1905, the Comptroller was authorized and directed to revise the account of the relator and other trust companies for the years 1901 and 1902, "in accordance with the correct interpretation of said law as determined by the decisions of the courts," and to allow "said trust companies a credit on the books of the Comptroller's office for any overpayments of taxes for said years to which such revision may show them to be entitled."   Under such act the Comptroller has revised the taxes of the relator for the years 1901 and 1902 in accordance with such interpretation, and has given it a credit on his books for the overpayment of taxes during such years, with interest on such credit from the date of the passage of such law to the date of the revision, under an agreement that the acceptance and use of such credit should not prejudice any right which the relator has to interest from the time its taxes were paid in each year to the time of the passage of such law on June 3, 1905.   Whether the relator is entitled to such interest is the only question to be determined.   Counsel for the Comptroller insists that as chapter 756, p. 2127, of the Laws of 1905, is silent on the question of interest, the relator is not entitled to it.

Argued before SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Cornelius C. Beekman, for plaintiff.

Julius M. Mayer, Atty. Gen., and Horace McGuire, Dep. Atty. Gen., for defendant.

CHESTER, J. We need not discuss the question involved here at any length, as we think the Court of Appeals has recently determined the matter in an analogous case in favor of the contention of the plaintiff. Matter of O'Berry, 179 N. Y. 285, 72 N. E. 109. That was a case arising under section 225 of the tax law (Laws 1896, p. 871, c. 908, as amended by chapter 382, p. 916, Laws 1900, and by chapter 173, p. 382, Laws 1901), providing for the refunding of a transfer tax erroneously paid. Such a tax was imposed upon a vested remainder and paid to the Comptroller. Subsequently, the Court of Appeals held that a transfer tax upon remainders which had vested prior to the passage of the law taxing such interests was unconstitutional and void. Matter of Pell, 171 N. Y. 48, 63 N. E. 789, 57 L. R. A. 540, 89 Am. St. Rep. 791. The surrogate thereupon reversed his original order, and directed the Comptroller to refund the tax so paid, with interest, and the only question involved in that case was as to the liability of the state to pay interest under such circumstances. The statute referred to, which authorized and required the Comptroller to refund taxes improperly collected, made no provision for the payment of interest. The question was discussed at length by Judge O'Brien, who wrote the opinion in the Court of Appeals, and it was held that, when the state became liable by statute to refund a tax paid which was illegal or void, the right to interest follows without any express provision of law on the subject. It was also held in the O'Berry Case that a tax paid under a void law cannot be deemed a voluntary payment.

We see no distinction in principle between that case and this one, and therefore, without discussing the question further, we content ourselves with resting our conclusion that the plaintiff is entitled to the interest it claims wholly upon the authority of that case.

Judgment is therefore directed in favor of the plaintiff, with costs. All concur.