THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE METRO-POLITAN TRUST COMPANY OF THE CITY OF NEW YORK, as Substituted Trustee under the Will of WILLIAM H. TILLINGHAST, Deceased, Respondent, *v.* EUGENE M. TRAVIS, as Comptroller of the State of New York, Appellant.

Third Department, March 3, 1920.

Tax — transfer tax — will giving wife power of appointment — original tax to be assessed as if power were not exercised — refund on exercise of power of appointment — interest on tax returned — trustee may proceed by certiorari.

Where a testator bequeathed his residuary estate in trust, income to his wife for life, with remainders over on her death, and gave her a power of appointment to dispose of a certain amount of the residuary estate by will, it was proper in assessing a transfer tax to impose the same in the first instance as if the widow would not exercise her power of appointment, and under section 230 of the Tax Law when the widow in fact dies having exercised the power of appointment by will, the Comptroller is required to return to the proper persons such amount of the tax as will reduce the same to the amount which would have been assessed if the contingency had occurred before the assessment.

Where the Comptroller, after the exercise of the power of appointment, has been ordered by the court to reduce the tax previously assessed and to repay a portion thereof, it is proper to require the payment of interest on the amount refunded where the original tax was paid at a time when section 225 of the Tax Law was silent as to interest.

The amendment of section 225 of the Tax Law made in the year 1907 so as to provide that the refund required by that particular section should not carry interest, was expressly limited to that section, and under section 241 of the Tax Law, as amended in the year 1911, the State is required to pay interest on refunds.

Under section 241 of the Tax Law, as amended, the trustee is a proper party to institute proceedings by mandamus to obtain a refund of the tax previously paid.

APPEAL by the defendant, Eugene M. Travis, as Comptroller, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 9th day of July, 1919, directing the issuance of a peremptory writ of mandamus against the defendant requiring him to refund an excess of transfer tax received by him from the estate of William H. Tillinghast, deceased.

130    People ex rel. Metropolitan Trust Co. *v.* Travis.

Third Department, March, 1920.    [Vol. 191.

The opinion of the Special Term is reported in *People ex rel. Metropolitan Trust Co.* v. *Travis* (107 Misc. Rep. 377).

*Charles D. Newton, Attorney-General* [*Alexander Otis* and *Lafayette B. Gleason,* of counsel], for the appellant.

*Dixon & Holmes* [*Jabish Holmes,* of counsel], for the respondent.

Cochrane, J.:

By the will of William H. Tillinghast, deceased, probated January 2, 1903, he bequeathed his residuary estate to his executors in trust to pay the income to his wife during her life with remainder after her death in fee to his brother, a nephew and a niece.   He provided, however, that $100,000 of this residuum should be paid absolutely to such persons as his said wife might by her last will designate.   He died on December 9, 1902.   Section 230 of the Tax Law provides that in fixing the transfer tax no allowance shall be made on account of any contingency whereby an interest in the estate may be abridged or diminished, but when the contingency arises a return shall be made to the proper person of such amount of the tax as will reduce the same to the amount which would have been assessed if the contingency had occurred before the assessment. (See Gen. Laws, chap. 24 [Laws of 1896, chap. 908], § 230, as amd. by Laws of 1902, chap. 496; since amd. and re-enacted by Laws of 1904, chap. 758, and Laws of 1905, chap. 368; now Consol. Laws, chap. 60 [Laws of 1909, chap. 62], § 230, as amd. by Laws of 1911, chap. 800, and Laws of 1916, chap. 550.)   Therefore, the tax was fixed on the residuary interests of the three remaindermen on the theory that the widow would not by will exercise the power of appointment and was paid to the Comptroller of the State on or about May 11, 1904.   The widow died December 31, 1913, having by her will exercised the power of appointment and thereupon the contingency arose which required a diminution in the tax against the three remaindermen.   The petitioner herein having become the substituted trustee of the estate applied to the Surrogate's Court of New York county for an order modifying the original order fixing the tax and the surrogate made such an order reducing the tax by the sum of $3,358.95.   On appeal

People ex rel. Metropolitan Trust Co. *v.* Travis.   131

App. Div.]        Third Department, March, 1920.

by the Comptroller from this order to the Appellate Division
of the First Department it was affirmed.   (See *Matter of Till-
inghast*, 94 Misc. Rep. 76; affd., 184 App. Div. 886.)   The
Comptroller still refusing to refund the excess tax, this pro-
ceeding was instituted to require him to do so.

The order of the surrogate, affirmed by this court in its
First Department, determines the correct amount of the tax.
In *Matter of Parker* (226 N. Y. 260) the tax was assessed
under circumstances similar to those which here exist and the
court said (at p. 264): " The remaindermen do not suffer, for
when the estate takes effect in possession, there will be a
refund of any excess," citing section 230 of the Tax Law.   It
must be held, therefore, that this case fairly falls within section
230 of the Tax Law requiring the Comptroller to refund the
excess tax which he has received.

The order appealed from requires payment of interest on the
amount refunded.   The Comptroller contends that if he must
refund the excess of tax he should not pay interest thereon.
He bases his argument on the fact that the portion of section
230 which applies to this case contains the provision: " Such
return of tax shall be made in the manner provided by section
two hundred and twenty-five of this article," and that section
225 provides that interest shall not be: paid on the amount
refunded under that section.   Section 225 at the time the tax
in question was paid to the Comptroller and until the year
1907 was silent as to interest.   The right to interest at that
time clearly followed.   (*Matter of O'Berry*, 179 N. Y. 285.)
In 1907 section 225 was amended so as to provide that the
refund required by that particular section should not carry
interest but it was expressly limited to that section.   (See
Tax Law of 1896, § 225, as amd. by Laws of 1901, chap. 173;
Laws of 1905, chap. 368, and Laws of 1907, chap. 323; Tax
Law of 1909, § 225, as amd. by Laws of 1911, chap. 308.)
Therefore, when it was said prior to 1907 in section 230 that
the return of the tax should be made in the manner pro-
vided by section 225 clearly there was no reference to interest
because section 225 said nothing about interest.   Section 230
meant no more or no less after the amendment of 1907 than it
did before.   The provision in section 230 that the tax should
be returned " in the manner " provided by section 225 had

reference to the method of restoring the tax to the person entitled thereto and not to its amount.

In the year 1911 (Laws of 1911, chap. 800) section 241 of the present Tax Law was amended requiring the Comptroller to deposit in a bank or trust company so much of the tax as might have to be returned by reason of the happening of a subsequent contingency and to pay the interest thereon to the executor or trustee of the estate and if the contingency happened to return such tax to such executor or trustee. This establishes the right of the trustee herein as the proper party to institute this proceeding. It further indicates the policy of the State that interest shall be paid. The State has had the use of the money and we should not construe the statutes so as to relieve it from the payment of interest unless required to do so (*Matter of O'Berry*, 179 N. Y. 285, 293), and no such requirement here exists.

The order should be affirmed, with costs.

Order unanimously affirmed, with costs.