In the Matter of the Application of ALBERT SOCOLOW, Petitioner, for a Peremptory Mandamus Order against VINCENT B. MURPHY, Comptroller of the State of New York, and Others, Constituting the State Tax Commission, Respondents.

Supreme Court, Albany County, July 19, 1926.

Taxation — transfer tax — executors paid estimated tax to State Comptroller, actual amount to be thereafter determined — refund due executors after determination of actual amount of tax does not carry interest (Tax Law, § 225) — Comptroller, if he accepts money on account of tax on remainders subject to exercise of powers of appointment, must deposit money in interest-bearing account (Tax Law, § 241) — executors entitled to refund of said moneys on deposit, with interest.

An executor is not entitled to interest, under section 225 of the Tax Law (as amd. by Laws of 1921, chap. 476) on any refund to which he may be entitled of money paid by him to the State Comptroller on account of the transfer tax thereafter to be determined, which money was not paid under the compulsion of any order, but merely for the purpose of obtaining the credit of five per cent discount allowed by section 223 of the Tax Law (as amd. by Laws of 1921, chap. 476) and to avoid any liability for the payment of ten per cent annual interest by way of penalty. However, if the State Comptroller accepts funds which might be applicable for taxes on remainders subject to the exercise of powers of appointment, deposited until the exercise of those powers, he must deposit those funds pursuant to the provisions of section 241 of the Tax Law (as amd. by Laws of 1921, chap. 476) and pay over to the estate the interest which they earn.

Accordingly, petitioners, who as executors of decedent's estate, voluntarily paid to the State Comptroller a sum of money which they estimated to be the tax due on account of the transfer tax, are not entitled to interest upon a refund due them after the determination of the actual amount of the tax. They are, however, entitled to a refund of the net amount of the tax on remainders subject to the exercise of powers of appointment deposited with the State Comptroller until the exercise of those powers, with the interest said refund would have earned after deposit under the provisions of section 241 of the Tax Law.

APPLICATION for peremptory mandamus order.

*Cadwalader, Wickersham & Taft* [*Francis Smyth* of counsel], for the petitioner.

*Albert Ottinger,* Attorney-General [*Henry S. Manley* and *Seth T. Cole* of counsel], for the respondents.

NICHOLS, J.    The petitioner is the assignee of the executors of the last will and testament of Frank A. Sayles, deceased.

The deceased was a resident of the State of Rhode Island and died in said State March 9, 1920.  On September 3, 1920, the executors paid to the Comptroller of the State of New York the sum of $175,750 " on account of the transfer tax hereafter deter-

mined to be due and payable by the said executors * * * subject to adjustment by the way of the payment of any balance due or the refund of any overpayment according to the amount of the tax so determined or fixed."

The Comptroller issued his temporary receipt therefor, said receipt containing, among other things, the following: " the same being subject to modification as a future order from the surrogate of New York county may determine, upon presentation of which and the surrender of this temporary receipt (which is not to be filed with the surrogate or sent to the State Treasurer for counter-signature), the receipt in full in duplicate prescribed by law, will be given."

November 27, 1925, Surrogate Foley of New York county made an order determining the tax to be $98,139.35 upon remainders subject to the exercise of powers of appointment, and $39,821.17 upon interests presently taxable. This order was erroneous and on March 8, 1926, on appeal from said order, Surrogate O'Brien made a modifying order determining the tax to be $36,857.72 upon interests presently taxable and $91,665.07 upon remainders subject to the exercise of powers of appointment. So that after deducting in each case the five per cent discount provided in section 223 of the Tax Law (as amd. by Laws of 1921, chap. 476), after the order of November 27, 1925, he was entitled to a refund of $44,687.50 and after the order of March 8, 1926, he was entitled to a refund of $53,653.35, being an increase of $8,965.85 over the first order. Also, he was entitled to have the sum of $87,081.82, the net amount of the tax on remainders subject to exercise of powers of appointment, deposited until the exercise of those powers, to his credit with interest or to replace it with bonds from which the interest shall be payable to him pursuant to the provisions of the Tax Law.

The petitioner claims that he is entitled to interest on each of said sums at six per cent from September 3, 1920; while the Tax Commission concedes that the petitioner is entitled to these refunds but claims they should be without any interest whatever. The State Tax Commission also makes a distinction between the $44,687.50, the amount of refund in the order of Surrogate Foley and the additional sum of $8,965.85 allowed in the modifying order of Surrogate O'Brien. The Commission also claims that the question of the $87,081.82 refund is governed by different rules with respect to the allowance of interest than are the first two sums. The court, however, thinks that the same rule applies to both the $44,687.50 and the $8,965.85, a total of $53,653.35, and I shall consider them as one refund.

This money was not paid under the compulsion of an order. It was paid by the executors for the purpose of obtaining the credit

of five per cent discount allowed by the Tax Law of the State of New York and to avoid any liability for the payment of ten per cent annual interest by way of a penalty. There is no statute authorizing the practice which has been followed in permitting these voluntary payments in advance but it has become a practice of the Comptroller to receive such payments. Prior to the enactment of chapter 308 of the Laws of 1911, the Court of Appeals in *Matter of O'Berry* (179 N. Y. 285) held that where an unconstitutional tax had been collected the party paying such taxes was entitled to a return of the taxes paid with interest. Thereafter, section 225 of the Tax Law was amended (Laws of 1921, chap. 476) so as to provide that the representatives of the estate, etc., entitled to any refund under section 225 shall not be entitled to any interest on such refund, such refund relating to taxes paid after an order assessing the tax, showing that the policy of the State was not to pay interest on refunds on taxes paid under compulsion of an order. And it seems to me that where the representatives of an estate have paid the taxes by a voluntary payment without an order so as to receive the benefit of the discount and avoid the penalty of the high interest rate, and where, as in the present case, a deposit was made of a sum largely in excess of the tax and that a period of almost six years has elapsed since such payment before the tax was finally determined and of the computation of the amount so paid the State had nothing to do and presumably had nothing to do with the long delay, that interest at any rate is not to be allowed on this refund; and I hereby grant a peremptory mandamus order for the payment of this refund without interest.

With reference to the $87,081.82, I think a different rule applies under section 241 of the Tax Law (as amd. by Laws of 1921, chap. 476). The Comptroller was not bound to receive any deposit by the executors previous to the taxing order, and, therefore, if he received any funds which might be applicable for taxes under section 241 of the Tax Law, he was bound to deposit that sum of money according to the requirements of that section and to pay over to the estate the interest which it earned whatever that might be. As was said in *People ex rel. Metropolitan Trust Co.* v. *Travis* (191 App. Div. 129): "It further indicates the policy of the State that interest shall be paid." There must undoubtedly be deposits by the Comptroller in other estates so that the interest earned can readily be arrived at. This can be arrived at by stipulation of the parties here so that a peremptory mandamus order can be issued for the refunding of this sum of $87,081.82 with the interest it would have earned after deposit

under the provisions of section 241 of the Tax Law. ° In the event that the parties will not stipulate as to the amount of interest that would have been earned, then an alternative mandamus order may issue for the purpose of allowing the petitioner to show the amount of interest that should have been earned on this deposit had it been deposited pursuant to section 241 of the Tax Law. After such a stipulation is filed, if filed, than a peremptory mandamus order may issue for the refund of such sum on deposit with interest on the deposit of bonds pursuant to the requirements of said section 241. Otherwise, an alternative order is granted.

No costs are allowed in the case of a peremptory order. If an alternative order is granted the petitioner is allowed the sum of fifty dollars costs.