In the Matter of the Application of the GUARANTY TRUST COMPANY, as Executor of the Estate of WILLIAM H. MCALISTER, Deceased, for a Peremptory Mandamus Order against the STATE TAX COMMISSION.

Supreme Court, Albany County, June 18, 1927.

Taxation — transfer tax — petitioner deposited tax with commission and on assessment of tax substituted securities in lieu of cash — commission offered to return cash, without interest, because fund bore no interest — Tax Law, § 241, requires deposit of such funds in interest-bearing account and payment of interest to estate — fund must be repaid with interest from date interest would have been credited had deposit been made.

This is an application for a mandamus order requiring the State Tax Commission to return to the petitioner the sum of $248,284.62 heretofore paid to the Commission on account of transfer taxes due on the estate herein, with interest. It appears that a month prior to the determination and assessment of the amount of the transfer tax due in the estate, the petitioner made an advance payment of $347,885.75 for the purpose of obtaining the discount allowed under the Tax Law. The order fixing the tax left the sum of $248,284.62 to be applied upon the amount of tax assessed upon the contingent interest, whereupon the petitioner deposited with the Commission, pursuant to section 241 of the Tax Law, securities which were accepted in lieu of the cash payment. This done, petitioner demanded return of the cash payment with interest, which the Commission offer to repay but without interest.

Since section 241 of the Tax Law requires the deposit of any amount paid as taxes on a contingent interest in a special interest-bearing account to the credit of

the estate, and requires the payment to it of the interest thereon, petitioner is entitled to interest on the cash payment at the rate of four per cent from the date when the interest would have been credited had the fund been deposited in accordance with the statute to the date when the securities were substituted for the cash.

The right of the petitioner, upon its election to substitute at some later date, securities in place of cash, did not affect the performance of the duty resting upon the Commission to deposit the sum received by it as required by the statute to the credit of the estate and thereby protect the estate and its beneficiaries by payment to the executor of the interest claimed thereon.

APPLICATION for a peremptory order of mandamus.

*O'Brien, Boardman, Fox, Memhard & Early [Edwin J. Freedman* of counsel], for the petitioner.

*Albert Ottinger, Attorney-General [Henry S. Manley, Deputy Attorney-General,* of counsel], for the respondent.

STALEY, J.   This is an application for a mandamus order requiring the State Tax Commission to return to the petitioner herein the sum of $248,284.62, heretofore paid to said Commission on account of transfer taxes due on the estate of William H. McAlister, with interest, and directing the State Comptroller to draw the necessary warrant for the return of said sum, with interest.

William H. McAlister died in the city of New York on December 25, 1925, leaving a considerable estate, which he bequeathed and devised by his last will and testament.   The petitioner herein was appointed executor.   On June 23, 1926, the petitioner, as executor, made a payment to the State Tax Commission of $347,885.75 on account of the transfer taxes on said estate.   The tax upon the estate had not been fixed at the time of this payment, which was in the nature of an advance payment made for the purpose of securing the discount allowed by section 223 of the Tax Law (as amd. by Laws of 1921, chap. 476), and on July 21, 1926, less than a month after this payment, an order was duly made and entered, fixing and assessing the amount of the tax due and payable, a copy of which order was forwarded to the Tax Commission.

By this order taxes to the amount of $104,843.29 were assessed as presently payable, and a tax of $270,584.41 was assessed on contingent remainders at a rate of five per cent, the highest rate provided by the Tax Law.   Allowing the discount upon the taxes presently payable, the amount of that tax was reduced to the sum of $99,601.13, leaving the sum of $248,284.62 to be applied upon the amount of the taxes assessed upon the contingent interest.   On May 25, 1927, petitioner deposited with the State Tax Commission, pursuant to section 241 of the Tax Law (as amd. by Laws of 1921, chap. 476), securities of the market value of $267,175, which securi-

ties were accepted in kind and amount for the purpose of securing the payment of the tax on the contingent remainder, in lieu of and as a substitute for the cash payment of $248,284.62 theretofore made on account of said taxes.

The petitioner then demanded the return of the cash payment made in June, 1926, with interest. The Tax Commission offered to make repayment of the amount of the cash payment made on account of contingent interest, without interest, and was willing to accept a receipt for such payment " without prejudice to the right of the petitioner to interest on said sum," in order that the controversy over the interest might be thereafter. determined in any proper proceeding. Repayment on said conditions was refused by the petitioner, and the issue presented on this application is whether the petitioner was entitled to such repayment, with interest.

Section 241 of the Tax Law, so far as material here, provides as follows: " Whenever the tax on a contingent remainder has been determined at the highest rate which on the happening of any of said contingencies or conditions would be possible under the provisions of this article, the tax commission, in the counties wherein this tax is payable direct to it, and in all other counties the treasurer of said counties, respectively, when such tax is paid shall retain and hold to the credit of said estate so much of the tax assessed upon such contingent remainders    *    *    *,    and the tax commission or the county treasurer *shall* deposit the amount of tax so retained in some solvent trust company or trust companies or savings banks in this State designated by the State comptroller, to the credit of the State comptroller on account of such estate, paying the interest thereon when collected by him to the executor or trustee of said estate, to be applied by said executor or trustee as provided by the decedent's will."

The taxing order of July 21, 1926, determined the amount of taxes in the hands of the State Tax Commission as a tax on contingent interests. Its duty under the statute was clear and positive, and no reasonable justification existed to excuse the performance of that duty. The right of the petitioner, upon its election, to substitute at some later date securities in place of cash, did not affect the performance of the duty resting upon the Commission to deposit the sum received by it as required by the statute to the credit of the estate and thereby protect the estate and its beneficiaries by payment to the executor of the interest collected thereon.

When the amount of a tax on contingent interests has been fixed, and the amount definitely stated and in the hands of the Tax Commission with knowledge of that fact, the statute requires its deposit in a special interest-bearing account to the credit of the estate, and

requires the payment to it of the interest thereon. (*Matter of Socolow* v. *Murphy*, 219 App. Div. 184.)

In this case the deposit was not made as directed by statute, and hence no interest earned or collected on the fund. The question is presented as to whether a mandamus order will lie directing the respondents to pay to the petitioner interest on the fund, when such deposit has not been made, and no interest has been received by them, in violation of their duty. Such objection did not prevent the direction of payment of interest on a tax which was illegal and void. (*Matter of O'Berry*, 179 N. Y. 285.)

Under section 241 of the Tax Law the Tax Commission is required to deposit all taxes collected in an interest-paying bank to the credit of the State Comptroller on account of the transfer tax. A verified return is required to be made by the Commission to the State Treasurer every month, upon which the Commission shall credit itself with all expenditures made since the last return " for refunds lawfully chargeable thereto."

It does not appear what disposition the Tax Commission has made of the fund here involved, but I assume that it was first deposited in the transfer tax fund and then returned to the State Treasury on the 1st of July, 1926, and that any refund now made must be made from the monthly fund now on deposit to the credit of the State Comptroller, or drawn from the State Treasury on the certificate of the Tax Commission and approval of the Comptroller, as provided in the latter part of section 241. In any event, the payment of interest as a lawful charge may be made in similar manner, and the Tax Law amply provides for payments to estates to adjust the rights and equities between them and the State in the matter of legal refunds and payments.

If the fund had been deposited in accordance with the statute, interest at the rate of four per cent would have been credited thereon, beginning August 1, 1926. A repayment of the original fund was tendered on May 26, 1927, and the acceptance of the amount of such fund at that time did not affect, upon the conditions of the receipt therefor consented to by the Commission, the claim of the petitioner for past interest. I hold that the petitioner is not justly entitled to interest beyond that date.

Order may be entered, granting a peremptory mandamus order herein, and directing the payment of said sum of $248,284.62, with interest thereon at the rate of four per cent from August 1, 1926, to May 26, 1927, with fifty dollars costs and disbursements.