In the Matter of the Application of EMPIRE TRUST COMPANY, as Sole Surviving Executor, etc., of THOMAS B. HIDDEN, Deceased, Petitioner, for a Peremptory Order of Mandamus against MORRIS S. TREMAINE, as Comptroller of the State of New York, and MARK GRAVES and Others, as State Tax Commissioners, Constituting the State Tax Commission of the State of New York, Respondents.

Supreme Court, Special Term, Albany County, July 13, 1936.

*Parmly, Stetson & Woodward* [*William L. Woodward* of counsel], for the petitioner.

*John J. Bennett, Jr. Attorney-General* [*Seth T. Cole* of counsel], for the respondents.

BERGAN, J. Petitioner, as the sole surviving executor under the will of Thomas B. Hidden, deceased, applies for a peremptory order of mandamus to require the respondents, the Comptroller and the members of the State Tax Commission, to pay interest in the sum of $13,997.56 upon refunds of certain transfer taxes. The decedent died September 3, 1918, a resident of the county of Dutchess. His will was admitted to probate in that county on January 21, 1919.

Portions of his estate were transferred subject to contingencies. Thereafter, on February 1, 1923, an order was made by the surrogate assessing transfer taxes upon the estate in the sum of $98,492.72. This order assessed the contingent transfers at the highest possible rate. It contained no provision in respect of the amount of tax upon the contingent transfers at the lowest rate that would have resulted if the contingencies had then occurred.

Subsequently, on February 6, 1923, a further order was entered, amending the amount of the tax to $99,404.36, and this was followed by a further amending order, entered May 11, 1923, reducing the tax to $94,981.61. In accordance with this order, there was refunded on June 5, 1923, to the estate, the sum of $4,422.75. The net amount of the tax paid was the amount provided by the order of May 11, 1923.

A third amended tax order was entered September 9, 1935, fixing the tax at $91,470.25, a further reduction of $3,511.36. This order recites that it was entered upon consent of the Tax Commission. In so far as the reduction therein effected is concerned, it seems to have been the result of the happening of the contingencies which are set forth in the petition to the surrogate upon which the order was entered. The correction of errors provided in the order seems not to have effected a reduction of the tax. On September 25, 1935, an order compromising the contingent tax was entered, and on October 28, 1935, the Tax Commission paid to the executor the sum of $8,066.96 as a refund of the transfer tax. Demand was thereafter made by the petitioner for the payment of interest, which was refused.

The claim for interest may be divided into two parts: (a) A claim for $3,299.91 interest at the rate of six per cent per annum on the sum of $3,511.36 excess tax refunded under the order of September 9, 1935; (b) a claim for $10,697.65 interest at the rate of four per cent per annum on the tax on the remainders which have fallen in and interest on the refund of $4,555.60 which resulted from the order of compromise. The date from which interest is computed is February 28, 1920, the date on which $95,000 was paid in transfer taxes.

The petitioner contends that the order of September 9, 1935, refunded the $3,511.36 upon the basis of a mistake of fact in the prior determination of the surrogate. The respondents contend the refund therein provided was the result of the happening of contingencies, and an examination of the petition under which the order of September 9, 1935, was granted would seem to indicate that the latter ground was the basis for the order, in so far as it resulted in a refund.

But assuming the refund proceeded upon the theory advanced by the petitioner, that it was based upon the correction of a mistake of fact in the prior taxing orders, I am not persuaded that the petitioner is entitled to interest. Section 225 of the Tax Law, as amended by chapter 308 of the Laws of 1911, in effect at the date of the death of the decedent, is the controlling statute. It imposes, first of all, a limitation of time upon the right to a refund in respect of a modification of an order fixing a transfer tax, which had run before the modifying order was made, and by express terms, it bars the payment of interest on any refund made in pursuance of such an order. Its provisions bear especially upon the order of September 9, 1935, under which this claim arises. It would seem, therefore, that while the surrogate may have had jurisdiction on September 9, 1935, to correct a mistake of fact in the transfer tax in this estate, such order of correction or modification, by the express limitations of the statute, could not operate to create the right to a refund.

The petitioner concedes that there is no statutory provision for the refunding of interest on excess taxes paid due to a mistake of fact, but, without discussing the application of section 225 of the Tax Law, as it read in 1918, relies for authority for the payment of interest upon three cases: *People ex rel. Metropolitan Trust Co.* v. *Travis* (191 App. Div. 129); *Matter of O'Berry* (91 id. 3; affd., 179 N. Y. 285), and *Matter of Scrimgeour* (39 Misc. 128; affd., 80 App. Div. 388; affd., 175 N. Y. 507).

If section 225 of the Tax Law, as it was amended in 1907, to exclude interest upon refunds, has application to this case, the decision of the Appellate Division of this department in the *Metropolitan Trust Co. Case* (*supra*) is not here controlling. The court construed section 225 as it read prior to the amendment of 1907, when it was silent upon the question of interest, and the amendment which was effective subsequently to the death of that testator, was discussed by Mr. Justice Cochrane in the opinion of the court. Nor is *Matter of O'Berry*, as decided by the Court of Appeals (*supra*), more helpful to the petitioner. Then, as in the *Metropolitan Trust Co.* case, section 225 of the Tax Law was silent with respect to interest.

The refund there was based upon the unconstitutionality of the statute under which the tax was levied, upon the authority of *Matter of Pell* (171 N. Y. 48), which decided that a transfer tax upon remainders which vested prior to the passage of the law taxing such interests was void. The fact that the State submitted to the jurisdiction of " one of its own courts " in fixing the tax, and that interest was adjudicated in that proceeding as well as a refund, seems to

have been at least one controlling element in the decision in the Court of Appeals in the *O'Berry* case (p. 292). It is of some significance that the court emphasized that its decision proceeded upon the theory that the tax was void and " not merely voidable for some irregularity or error " (p. 287). I think it must be held that this decision goes no farther than to say that in the absence of a statute authorizing interest, it may be allowed upon a refund in a proceeding before a court in which the State submits to jurisdiction by the institution of the proceeding, and where the assessment was made under an invalid statute.

In the case at bar the surrogate allowed no interest in the proceeding, and here, too, the statute prohibited interest. It is of some significance that the *O'Berry* case was decided in October, 1904, while the statute prohibiting interest upon tax refunds was enacted a few years subsequently. The *Scrimgeour Case* (*supra*) did not consider the question of interest.

I am satisfied, however, that the order of refund was not the correction of a mistake of fact, but was a refund based upon the happening of contingencies which affected the amount of the tax, and that the position taken by the respondents, that interest does not follow, is the correct one.

The second claim for interest in the sum of $10,697.65 on the tax on the contingent remainders and on the compromise refund rests upon the provisions of section 241 of the Tax Law, as amended by chapter 800 of the Laws of 1911, and as further amended by chapter 476 of the Laws of 1921.

There was no provision in the taxing order assessing the tax on the contingent transfers which fixed the tax at the lowest possible rate — the amount which would have been due had the contingencies occurred when the tax was fixed. In the absence of such a provision, no duty whatever devolved upon the State to segregate and separately deposit the difference between such amounts or to treat such differences as a refund under the statute. The executor had full notice of the scope of the order. It could have moved to have such specifications embodied in the order, and it would have been the duty of the surrogate to make such provision. (*Matter of Spingarn*, 175 App. Div. 806.) I do not regard it as incumbent upon the State taxing authorities to have made such application, although undoubtedly such authority existed, as was pointed out in *Matter of Spingarn*. But liability for interest clearly cannot be predicated upon the failure of the State's officials to apply for such modification where the executor itself could, by appropriate motion, have obtained a remedy in which it was directly interested. (See opinion of Mr. Justice HINMAN in *Matter of Dick* v. *Murphy*, 219 App. Div. 141.)

In the absence of a provision in the order of the surrogate fixing the low tax and a deposit of the difference in pursuance of section 241 of the Tax Law, there was no authority for such a deposit. (*Matter of Dick* v. *Murphy*, 245 N. Y. 88.) In the absence of an actual deposit in pursuance to the statute it seems to me that the claim for interest which would have accrued had the deposit been made, must fall. The right to interest, in this instance, must follow an actual compliance with the statute.

It is urged in a reply memorandum by the petitioner that the amendment to section 241 by chapter 476 of the Laws of 1921 brings this case outside the scope of the decision by the Appellate Division and the Court of Appeals in *Matter of Dick* v. *Murphy* (*supra*), and that the amendment imposed a duty upon the Tax Commission to enter the taxing order in a form which would fix the high and low rates. I do not find any directory provision in section 241, as amended in 1921, which imposes such an affirmative duty upon the State, but, on the contrary, I find that the obligation was not different, as far as the State was concerned under the amendment, than it was under the construction placed upon the section by the Court of Appeals in the *Dick* case. It was for the petitioner to have moved to modify the order, as well after the amendment of 1921 as before.

It seems doubtful, in any event, under the circumstances here, that any payment of the money of the State may be compelled of these respondents, in the absence of an appropriation by the Legislature. (State Const. art. 3, § 21.)

The motion for a peremptory order of mandamus is denied, without costs.

Submit order.