In the Matter of LEHIGH VALLEY RAILROAD COMPANY, Appellant and Respondent, against LAZARUS JOSEPH, as Comptroller of the City of New York, Respondent and Appellant.

Argued May 26, 1953; decided July 14, 1953.

*Vernon C. Ryder* and *Richard D. Lalanne* for appellant-respondent.

*Denis M. Hurley, Corporation Counsel* (*Morris L. Heath* and *Stanley Buchsbaum* of counsel), for respondent-appellant.

Order affirmed, without costs; no opinion.

Concur: DESMOND, DYE, FULD and FROESSEL, JJ. LEWIS, Ch. J., dissents in part and votes to modify so as to grant interest on the refund, in opinion in which CONWAY, J., concurs. Taking no part: VAN VOORHIS, J.

LEWIS, Ch. J. (dissenting in part). Upon the merits of this case, we are all in accord in our conclusion that the city lacked power to tax the saving realized by the railroad as a result of the reduction in its system-wide bonded debt achieved by means of purchases of its own bonds over the New York Stock Exchange at less than the price at which they were issued. However, we cannot concur in the majority view that, under the enabling act

and the city's local law, interest upon the tax refund to the petitioner was properly withheld from the railroad.

The enabling act (L. 1949, ch. 454) — which is the source of the city's authority to tax railroad utilities — as implemented by section 20-b of the General City Law (as to nonrailroad utilities) and section 186-a of the Tax Law, indicate that the city's general utility tax must be imposed, insofar as applicable, in accord with the State utility tax law. The latter law (Tax Law, § 186-a) is silent as to whether interest should be awarded upon refunds thereunder and we have held that in such a case interest should be paid upon refunds (*Matter of O'Berry*, 179 N. Y. 285, 287–288). However, the City of New York imposed both its railroad utility tax and its general utility tax *by the same local tax law* (Local Laws, 1949, No. 45 of City of New York). Believing, as we do, that the same language in the single local law should be uniformly construed as to both railroad and nonrailroad utility taxes — inasmuch as the same provision and identical language of the local tax law applies to each — and as the city lacked power to withhold interest upon general utility tax refunds (*Matter of O'Berry, supra*), the same should be true as to refunds of the railroad utility tax, if we are to avoid an anomalous result. Accordingly, we vote to modify the order of the Appellate Division so as to direct that interest be awarded to the railroad upon the tax refund payable to it.