Breitel, J.
The issue on this appeal is whether a taxpayer entitled to a refund of taxes improperly paid and collected by the State under compulsion is also entitled to interest on the refund from the time of payment of the taxes, the particular statute authorizing refunds being silent concerning interest. The issue is raised in a proceeding under CPLR article 78 in the nature of mandamus, following the refusal of the State Tax Commission to direct the payment of interest on the refund of the mortgage taxes required in an earlier proceeding. The tax had been erroneously imposed on a supplemental mortgage, which, having created no new or further indebtedness or obligation, was entitled under the Tax Law to an exemption from a recording tax. (20 N Y 2d 828, affg. 26 A D 2d 225.)
Special Term held that there was no right to interest absent a provision therefor in the mortgage tax refund statute (Tax Law, § 263). The Appellate Division affirmed, but solely on the procedural ground that the taxpayers must first obtain an amendment of the remittitur handed down by this court in the prior proceeding (30 A D 2d 904). Since the majority in this court concludes that the taxpayers are not entitled to interest on the refund, it is unnecessary to resolve the procedural choice, namely, whether to amend the remittitur in the prior proceeding or to determine the substantive issue in the present proceeding. In either event, the order of the Appellate Division should be *521 affirmed, and on the merits amendment of the remittitur would be denied.
Whether, before interest may be added to a tax refund, there must be express statutory direction or authorization has been unclear in this 'State and without uniformity elsewhere in the nation (see, generally, Ann.: Tax Refund or Credit-Interest, 88 A.L.R. 2d 823, esp. at pp. 825-827, discussing the cases in this State).
The leading case in this State is Matter of O’Berry (179 N. Y. 285). Involved was a taxing statute struck down as wholly void and unconstitutional. Noting this circumstance the court repeatedly emphasized the unthinkability of taking a taxpayer’s property unconstitutionally and not reimbursing him by the payment of interest for the period during which he was deprived. Thus, it was said: “ It was a void tax and not merely voidable for some irregularity or error, and had no support except an unconstitutional statute. It confers no rights, imposes no duties, confers no powers, and in legal contemplation is as inoperative for any purpose as if it had never been passed” (179 N. Y., at p. 287). In discussing the rule it was propounding, however, the court a number of times referred generally to any taxes collected illegally without distinction whether the illegality stemmed from an absolutely void and unconstitutional statute or simply from an erroneous application of a valid statute.
The O’Berry case (supra) has been applied to taxes erroneously collected under an otherwise valid statute (People ex rel. Metropolitan Trust Co. v. Tratvis, 191 App. Div. 129; People ex rel. Knickerbocker Trust Co. v. Kelsey, 114 App. Div. 319). On the other hand, the view was expressed with cogency, albeit by way of alternative ratio decidendi, that the O’Berry rule is confined to refunds under wholly void taxing statutes (Matter of Empire Trust Co. v. Tremaine, 160 Misc. 239, 242 [Bergak, J.]). And, in cases involving governmental refunds, other than taxes, the courts have refused to allow interest absent authorization or direction in the statute (Matter of Brophy v. Prudential Ins. Co., 246 App. Div. 871, affid. 271 N. Y. 644; Matter of Johnson v. O. C. Buck Expositions, 22 A D 2d 993). In the Brophy case, the O’Berry case was called to the attention of the court, but, nevertheless, interest was denied.
*522 In this state of the decisional law there is no unequivocal direction under the doctrine of stare decisis, and no unambiguous indication of the legislative intention which would be paramount and controlling.
Looking to the statutory arrangements there is also lacking a uniform pattern. There are statutes which expressly provide that there shall be no interest on refunds (Tax Law, § 434, subd. 1 [taxes on alcoholic beverages]; id., 214, subd. 2 [corporation franchise taxes]; id., § 248-f [transfers of property by nonresidents]; id., §§ 249-f, 249-aa [estate taxes]; Pari-Mutuel Revenue Law [L. 1940, ch. 254, as amd.], § 9, subd. 1 [parimutuel taxes]; cf. Tax Law, § 476 [cigarette sales taxes]).
On the other hand, there are other statutes which direct the payment of interest on tax refunds (Tax Law, § 1139, subd. [d] [sales and use taxes]; Real Property Tax Law, § 726, subd. 1, par. [a]; subd. 2 [real property taxes]; General City Law, § 25-a [Model Local Law, § 66, subd. (a)] [local income taxes]). There are also specially conditioned interest statutes with respect to estate taxes, personal income taxes, and certain corporate taxes (Tax Law, §§ 249-h, 249-z, 688, 1088).
There are a very few other tax statutes like the one involved in this proceeding which are absolutely silent on whether interest should or may be paid on tax refunds (Tax Law, § 263 [mortgage taxes involved in this case];' id., § 280 [stock transfer taxes]; id., § 289-c [gasoline taxes]). Consequently, their fewness of number suggests that they do not present a problem of widespread significance.
In the meantime, however, a pragmatic disposition consistent with the precedents insofar as they speak decisively to the problem is indicated. The reasoning of the O’Berry case (supra) would appear to be invulnerable as applied to a statute wholly void. Such a statute, as the O’Berry court noted, is as if it had never been. Moreover, it involves a higher degree of intrusion upon the rights of the taxpayer. Lastly, insofar as any refund provision may be included in such a statute, it falls with the statute of which it is a part (cf. Richfield Oil Corp. v. City of Syracuse, 287 N. Y. 234, 239, and Dum, & Bradstreet, Inc. v. City of New York, 276 N. Y. 198, 206-207 [availability of a declaratory judgment action to review a tax statute providing an exclusive remedy but attacked as unconstitutional]). *523 On the other hand, with respect to tax refunds under valid statutes there may be many countervailing circumstances for the erroneous collection and payment, not always the responsibility of the tax collector but often caused by the slipshod or otherwise culpable conduct of the taxpayer. With respect to such tax refunds, interest is not authorized unless the tax statute or other statute applicable to refunds explicitly makes provision for the payment of interest, and perhaps with such limitations, conditions, and qualifications as may be appropriate to correct whatever injustice has resulted from the imposition and collection of the tax under a valid statute.
In reaching these conclusions the provisions of CPLR governing accrual of interest on claims, decisions, and judgments have been noted (CPLR 5001, subd. [a], 5002). The statutes, it would seem, make one thing clear, namely, that the Legislature did not leave the question of interest to be covered by the general practice statutes. There are just too many tax statutes that cover the issue expressly, one way or the other. Moreover, tax refunds are largely handled administratively and not under the provisions of CPLR. Inequality would result solely on the basis of whether the taxpayer receives his refund administratively or by special judicial proceeding. This would make little sense. Nevertheless, once there is a proper judgment directing a refund it would seem that the CPLR provision (5003) governing interest on judgments, which has an ancient lineage, should govern.
Accordingly, the order of the Appellate Division should be affirmed without costs.