Scileppi, J. (dissenting).
While I disagree with the majority’s conclusion that the substantive question is now properly before us, I will limit my discussion to the merits of that issue.
Although the question before us has not been often litigated in our State, this court’s decision in Matter of O’Berry (179 N. Y. 285) evidences that our State has adopted the view that a tax refunding statute silent as to interest carries with it a right to such interest.
In the O’Berry case, the court stated (p. 287) that “ the only question before us is whether the Comptroller, having received *524 the money without right and used it for the purposes of the state under a promise to refund it, was properly charged by the court with interest ’ \ The Comptroller argued that the statute, pursuant to which he was required to act, being silent as to interest, he was without power to pay interest and the court was without power to impose interest. In rejecting this contention the court stated: ‘ ‘ The state, having received the money without rights, and having retained and used it, is bound to make the party good just as an individual would be under like circumstances. The obligation to refund money received and retained without right implies and carries with it the right to interest.” (Matter of O’Berry, supra, at p. 288.)
1 ‘ "What the state agreed to do, it is said, was to refund, and it complies with its promise by restoring the bare sums received without interest. I can only add that this contention is not only contrary to principle and to all authority on the question, but is unworthy of a great state.” (supra, at p. 293).
Out holding in O’Berry was subsequently followed in two Appellate Division cases directly on point (People ex rel. Metropolitan Trust Co. v. Travis, 191 App. Div. 129; People ex rel. Knickerbocker Trust Co. v. Kelsey, 114 App. Div. 319).
The Tax Commission, however, (relying upon the dictum in Matter of Empire Trust Co. v. Tremaine, 160 Misc. 239, [Bergan, J.]) attempts to distinguish O’Berry from the case at bar by drawing a distinction between refunds granted pursuant to void and voidable taxing statutes. The argument is advanced that in O’Berry the taxing statute was held unconstitutional and thus void; ergo, the conclusion that the State improperly held the money ab initio. Where, however, the argument continues, the tax is paid, such as in the instant case, pursuant to a valid taxing statute, the tax is properly computed and collected and is merely voidable because of a construction placed upon the statute. Thus, the conclusion is urged that the State properly holds the tax collected until such time as the statute is construed in favor of the taxpayer. The distinction is tenuous for in neither case does the official have the right to collect the tax. When a court determines that a tax has been improperly imposed in the case of the so-called voidable taxing statute, it does not say to the sovereign that the imposition of the tax was lawful up until this moment and, therefore, you can *525 keep all the benefits yon derived from the use of the funds up until the date of our decision; rather, the court says you never had the right to impose the tax in the first instance. Thus, the State should be obligated to refund not only the money received but also any benefits derived from the use of the funds during the period of retention. The imposition of interest is merely a reasonable method of assessing those benefits.
Accordingly, the order of the Appellate Division should be reversed.
Judges Burke, Bergan and Jasen concur with Judge Breitel; Judge Scileppi dissents and votes to reverse in a separate opinion in which Chief Judge Fuld concurs; Judge Gibson taking no part.
Order affirmed.