In the Matter of JULIA T. DICK et al., as Executrices of the Estate of WILLIAM DICK, Deceased, Appellants, against VINCENT B. MURPHY, as Comptroller of the State of New York, et al., Respondents.

**Tax — decedent's estate — transfer tax — interest — order assessing transfer tax — authority of Comptroller to deposit tax at interest to credit of estate — Comptroller may not be compelled by mandamus to pay interest on fund never placed at interest.**

The order assessing a transfer tax herein should have been framed in compliance with section 241 of the Tax Law (Cons. Laws, ch. 60). Until it was so framed, the Comptroller was without authority to deposit any part of the tax in a trust company or savings bank to the credit of the estate and a successor Comptroller may not be compelled by mandamus to pay interest upon the fund which was never placed by his predecessor with a depositary where interest would be earned.

*Matter of Dick* v. *Murphy*, 219 App. Div. 141, affirmed.

(Argued March 28, 1927; decided May 3, 1927.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered January 7, 1927, which reversed an order of Special Term granting a motion for a peremptory order of mandamus to compel the State Comptroller and Tax Commissioners to refund a portion of the amount paid as transfer tax upon the estate of William Dick, deceased, with interest.

*Henry F. Cochrane* for appellants. Sections 230 and 241 of the Tax Law control this application and the payment of interest on refunds of this character is mandatory thereunder. (*Matter of Parker*, 226 N. Y. 260, 264; L. 1911, ch. 800; Tax Law, §§ 230, 231; L. 1921, ch. 476; L. 1925, ch. 144; *People ex rel. Metropolitan Trust Co. v. Travis*, 191 App. Div. 129; *Matter of Bryan*, 126 Misc. Rep. 695; *Matter of Brez*, 172 N. Y. 609; *Matter of O'Berry*, 179 N. Y. 293.) The order originally entered temporarily fixing the tax was in compliance with the law, and furnished the taxing authorities of the State with all needed information as to the proper disposition of the tax under section 241 of the Tax Law. (*Matter of Bryan*, 126 Misc. Rep. 695.) The policy of the law is to pay interest on payments of this character responsive to the best principle of equity and justice. (*Matter of O'Berry*, 179 N. Y. 285; *Matter of Parker*, 226 N. Y. 260; *Matter of Brez*, 172 N. Y. 609; *Matter of DeCordova*, 199 App. Div. 492; 234 N. Y. 514; *B. & S. C. Co. v. City of Boston*, 45 Mass. 181; *Boston & Maine R. R. Co. v. State*, 63 N. H. 571; *Amoskeag Manfg. Co. v. Manchester*, 70 N. H. 336; *City of Grand Rapids v. Blakely*, 40 Mich. 367; *County of Galveston v. Galveston Gas Co.*, 72 Tex. 509.)

*Albert Ottinger, Attorney-General* (*Henry S. Manley* and *Seth T. Cole* of counsel), for respondents. The method of taxing future interests under section 241, as amended by chapter 800 of the Laws of 1911, is not exclusive. This

fact has been recognized by practical construction from 1911 to the present time. (*Matter of Lueff*, 1 St. Dept. Rep. 567; *Matter of Billingsley*, 1 St. Dept. Rep. 569; *Matter of Everett*, 3 St. Dept. Rep. 450; *Nat. Lead Co.* v. *United States*, 252 U. S. 140; *Mayer* v. *Jones & Co.*, 270 Fed. Rep. 121; *Grimmer* v. *Tenement House Dept.*, 105 N. Y. 549.) The estate is estopped from claiming the benefit of section 241. (*Matter of Spingarn*, 96 Misc. Rep. 141; 175 App. Div. 806; *Matter of Valentine*, 88 Misc. Rep. 397; *Matter of De Cordova*, 199 App. Div. 492; 234 N. Y. 514.) The estate is not entitled to interest under any statute. (*Matter of Hoople*, 179 N. Y. 308; *Metropolitan Trust Co.* v. *Travis*, 191 App. Div. 129.)

*Per Curiam.* The order assessing the tax should have been framed in compliance with section 241 of the Tax Law (Cons. Laws, ch. 60). Until it was so framed, the Comptroller was without authority to deposit any part of the tax in a trust company or savings bank to the credit of the estate. We do not now determine whether the appellant has a remedy by proceedings in the Court of Claims or whether additional legislation is necessary to make that remedy available. It is enough for present purposes to decide, as we do, that a successor Comptroller, the respondent in this proceeding, may not be compelled by mandamus to pay interest upon a fund which was never placed by his predecessor with a depositary where interest would be earned.

Upon the ground that mandamus will not lie, the order should be affirmed, without costs to either party.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and O'BRIEN, JJ., concur; KELLOGG, J., not sitting.

Order affirmed, etc.