In the Matter of the Application of MARTHA J. SMITH, as Ancillary Executrix of the Last Will and Testament of MARY J. SMITH, Deceased, Petitioner, for a Peremptory Mandamus Order against MICHAEL F. LOUGHMAN, President of the State Tax Commission, and Others, Respondents.

Supreme Court, Albany County, May 28, 1928.

Taxation — transfer tax — mandamus to compel State Tax Commission and State Comptroller to refund transfer tax paid under unconstitutional statute — decedent was non-resident — tax was paid under Laws of 1925, chap. 143, under protest — statute was subsequently declared unconstitutional — Laws of 1928, chap. 330, do not authorize refund — refund would violate State Constitution, art. 3, § 21 — mandamus not proper remedy.

The petitioner seeks by mandamus to compel the State Tax Commission and the State Comptroller to refund a transfer tax paid from the estate of her testatrix, who was a non-resident. The tax was paid under chapter 143 of the Laws of 1925, under protest, and said chapter was subsequently declared unconstitutional. By chapter 330 of the Laws of 1928 the Legislature sought to remove the objectionable feature in the earlier statute, and provided for a refund of excess taxes. To direct a refund of the taxes in the absence of any appropriation therefor would be to violate section 21 of article 3 of the State Constitution, and, furthermore, chapter 330 of the Laws of 1928 does not authorize a refund in this case. The remedy of mandamus is not the proper remedy.

APPLICATION for peremptory order of mandamus.

*Herbert W. Smith* [*Joseph F. McCloy, John L. McMaster, Leo Brady* and *Edward H. Pattison* of counsel], for the petitioner.

*Albert Ottinger, Attorney-General* [*Henry S. Manley* of counsel], for the respondents.

STALEY, J. This is an application for a peremptory writ of mandamus directing the State Tax Commission and the State Comptroller to refund to petitioner the sum of $560.33 and interest, paid by her pursuant to chapter 143 of the Laws of 1925 (Tax Law, art. 10-A), as a transfer tax assessed upon certain real property situated in this State.

The deceased, the owner of the property in question, was a non-resident. The petitioner paid the tax within the time limited in order to obtain a deduction of interest, but protested the payment. Subsequently the statute under which the tax was assessed was declared unconstitutional, because of its discriminatory features in respect to non-residents. (*Smith* v. *Loughman*, 245 N. Y. 486.)

The Legislature, by chapter 330 of the Laws of 1928, sought to

remove the objectional features of the 1925 statute in respect to non-residents. It provided that as to non-residents the 1925 statute was re-enacted, retroactive to July 1, 1925, but with the change that the tax so imposed retroactively should not in any case exceed the tax imposed by that statute on resident estates. Provision was also made in the 1928 statute for a refund of any excess tax.

The petitioner contends that the statute in question, being retroactive, is unconstitutional; also that under the statute she is entitled to a refund of the whole amount paid, with interest. I will consider these contentions in inverse order, for, if this is not a proper proceeding for a refund, any determination which might be made as to the validity of the statute would be ineffective.

The State Constitution (Art. 3, § 21) provides that no money shall ever be paid out of the treasury of this State or any of its funds, or any of the funds under its management, except in pursuance of an appropriation by law. If the only question to be decided here were the validity or invalidity of the 1928 statute, on certiorari, for example, the objection as to no appropriation might be immaterial. (*People ex rel. Clark* v. *Gilchrist,* 243 N. Y. 173, 186.)

That, however, is not the purpose of this proceeding. Its purpose is to obtain a refund of the tax from the treasury. This requires an appropriation and consent of the State to the refund. (*Matter of Dick* v. *Murphy,* 219 App. Div. 141; 245 N. Y. 88; *People ex rel. Western Union Telegraph Co.* v. *Roberts,* 30 App. Div. 78; *Smith* v. *Reeves,* 178 U. S. 436.)

The petitioner relies upon section 10 of the 1928 statute as a sufficient provision for a refund. That section reads as follows: " If in the case of any person dying on or after July first, nineteen hundred and twenty-five, and prior to the time this act takes effect, a transfer tax has been paid pursuant to the provisions of article ten of the tax law, or article ten-a of the tax law, as sought to be enacted by chapter one hundred and forty-three of the laws of nineteen hundred and twenty-five, the tax so paid shall be credited against the tax payable under article ten-a of the tax law, as enacted and made retroactive by this act; and, if the tax so paid exceeds the tax so payable, the tax commission upon application shall refund such excess. Refunds pursuant to this section shall be made in accordance with the provisions of section two hundred and forty-eight-f of the tax law, as enacted by this act."

The construction of this section by the petitioner is that as the retroactive tax imposed by the 1928 statute is invalid, nothing is payable thereunder, and that, therefore, it only remains for the officers of the State to refund the amount originally paid. Mathematically this is so, but to arrive at this result it must be taken for

granted that the provision for a refund contemplates the invalidity of the 1928 statute.

It is difficult to interpret section 10 as contemplating any such situation, or as authorizing an officer of the government to make refunds on any such basis. The refund authorized to be made is the excess of the tax paid under the 1925 statute over the tax payable under that statute as re-enacted in 1928. If anything is payable under the 1928 re-enacting statute (and it is apparent that something is payable), that sum cannot be disregarded. The Legislature contemplated that the new tax was valid, and enacted section 10 on that assumption.

Refunds are special privileges granted by the Legislature. The Legislature is the sole judge of the method by which they should be made. (*Smith* v. *Reeves*, 178 U. S. 436.) It is only when jurisdiction has, with reasonable certainty, been conferred upon the courts that they may interfere. While this situation sometimes works a hardship on the individual, experience has demonstrated that it is essential for the protection of the public.

My conclusion is that the petitioner's remedy is not mandamus. The application is denied, with fifty dollars costs.