AUSABLE CHASM COMPANY, Claimant, *v.* THE STATE OF NEW YORK.

(Claim No. 23497.)

CHEMICAL BANK AND TRUST COMPANY, as Successor by Merger to the UNITED STATES MORTGAGE AND TRUST COMPANY, as Executor, etc., of MARGARET J. ROWAN, Deceased, Claimant, *v.* THE STATE OF NEW YORK.

(Claim No. 23502.)

Court of Claims, July 5, 1934.

*Thomas F. Conway* [*Thomas E. O'Brien* and *William F. Pritchard* of counsel], for the claimants.

*John J. Bennett, Jr., Attorney-General* [*John L. Campbell, Assistant Attorney-General,* of counsel], for the State of New York.

BARRETT, P. J. In 1912 and prior thereto there was a dirt road extending from Ausable Chasm to the southerly side of

Ausable river and another dirt road extending from the northerly side of said river to Peru, running along or near the shore of Lake Champlain and known as the Lake Shore road to Plattsburg. There was no bridge across the Ausable river connecting these roads, and while the river was fordable by horse-drawn vehicles at or very near this point, it frequently happened that after heavy storms it was impassable. These dirt roads and the fording of the river constituted the shortest traveled route to Plattsburg from Port Kent and Ausable Chasm. In 1911 an appropriation was made by the State of moneys for highway purposes and in 1912 the State Highway Commission entered into contracts for the construction of sections of a State highway as part of Route 22, which sections were projected and built along the lines of said dirt roads. These sections of this highway came to a dead end at the Ausable river and without a bridge they would have been of little or no use for traffic. In 1913, Edward Rowan, Inc., and claimant caused to be constructed a bridge over the Ausable river, connecting these sections of the State highway where they ended at the river, and by the construction of this bridge these sections of the State highway were rendered available for public use.

The actual cost of construction of this bridge was $9,410.41, of which amount claimant paid $7,057.81, and Edward Rowan, Inc., the balance, namely, $2,352.60. The interest in this claim of said Edward Rowan, Inc., has been assigned to the claimant herein, Chemical Bank and Trust Company, as successor by merger to the United States Mortgage and Trust Company, as executor of the last will and testament of Margaret Rowan, late of the county of New York, deceased. These claims are presented for awards for said amounts.

By chapter 368 of the Laws of 1933, jurisdiction to hear and determine this claim was conferred upon this court. Such act provides in part as follows: " and if the court finds that the construction of said bridge was at the cost and expense of the claimants and was necessary for the public convenience, the amount so contributed, advanced, laid out or expended for such bridge construction shall constitute legal and valid claims against the state, and the court may make its award on such claims and render judgments against the state therefor for such sums as it may determine to be just and equitable notwithstanding the lapse of time since said moneys were contributed, advanced, laid out or expended."

There is no dispute as to the facts outlined above, but the State contends that said chapter 368 of the Laws of 1933 is unconstitutional, in that it is violative of section 19 of article 3 of the

Constitution, which in effect prohibits the Legislature from ordering or allowing any private claim against the State, and of section 9 of article 8 of the Constitution, which prohibits the payment of State moneys " in aid of any association, corporation or private undertaking." This contention is based mainly upon the facts that when the bridge was built the duty of constructing it rested upon the towns in which it is located and not upon the State, and that the construction of said bridge conferred no benefit upon the State, and that it was built for the convenience of the claimant. The bridge is situated in the towns of Ausable and Peru in the county of Clinton and the obligation to construct at the time of construction rested upon the towns, but by the enactment of said chapter 368 of the Laws of 1933, the Legislature has changed and modified this law and has assumed the obligation of the cost of construction, providing that the proof furnished complies with the provisions of the act. This, I think, was a proper exercise of legislative power.

Again, it is perfectly obvious that the construction of this bridge was a public benefit. It is a part of State highway No. 22, a busy, traveled highway. Its construction lessened the traveling distance from Ausable Chasm to Plattsburg and from Keeseville to Plattsburg and those wishing to visit Ausable Chasm, which, on account of its scenic wonders, has been visited by from 50,000 to 200,000 tourists each year. It lessened the traveling distance from Keeseville to other places of public interest. These facts clearly disclose that the bridge was of public benefit.

The requirements of the enabling act have, therefore, been met, and the act is constitutional. (*Farrington* v. *State*, 248 N. Y. 112; *Cole* v. *State*, 102 id. 48; *Munro* v. *State*, 223 id. 208; *Williamsburg Savings Bank* v. *State*, 243 id. 231.)

The enabling act does not provide in specific terms for interest upon the sum awarded, and whether interest shall be allowed is, I think, within the discretion of this court. Until the enactment of said chapter 368 of the Laws of 1933, and until the final dispositions of these claims, there was no obligation resting upon the State to pay for the construction of the bridge, and I know of no reason why the State should be compelled to pay interest for its failure to pay before that which never, until the times described, had become a legal obligation of the State.

ACKERSON, J., concurs.