WILLIAM BAXTER, as Administrator, etc., of RAYMOND A. DUSSEL, Deceased, Respondent, v. DANIEL AIELLO and Another, Appellants, and Another. WILLIAM BAXTER, as Administrator, etc., of MARGARET M. DUSSEL, Deceased, Respondent, v. DANIEL AIELLO and Another, Appellants, and Another. ERNEST K. SMITH, Respondent, v. DANIEL AIELLO and Another, Appellants.— Judgments and orders unanimously affirmed, with costs in one action. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

ANGELINA D'ALESSANDRO, Respondent, v. ARTHUR E. COLLINS and Another, Copartners, Doing Business under the Assumed Business Name and Style of and the Surviving Partners of " CHARLES COLLINS & SONS," Appellants.— Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

AUSABLE CHASM COMPANY, Respondent, Appellant, v. THE STATE OF NEW YORK, Appellant, Respondent. (Claim No. 23497.) CHEMICAL BANK AND TRUST COMPANY, as Successor by Merger to the UNITED STATES MORTGAGE AND TRUST COMPANY, as Executor, etc., of MARGARET J. ROWAN, Late of the County of NEW YORK, Deceased, Respondent, Appellant, v. THE STATE OF NEW YORK, Appellant, Respondent. (Claim No. 23502.) — Judgments affirmed, with costs in one action. Hill, P. J., Crapser and Bliss, JJ., concur; Rhodes, J., dissents and votes to reverse the judgments and to dismiss the claims on the ground that by article VIII, section 9, of the Constitution of the State of New York, the claims are not permitted. Heffernan, J., concurs in the affirmance of the judgments, with a memorandum. HEFFERNAN, J. I concur. I believe, however, that there should be a modification so as to allow the claimants interest from the time the payments were made. The Court of Claims apparently assumed that the allowance or disallowance of interest rests within its discretion. The enabling act (Laws of 1933, chap. 368) completely negatives that idea. The act states that the court may make an award " for such sums as it may determine to be just and equitable." Manifestly the intention was to give the claimants the right to interest. It is only by allowing that amount that they may be made whole. Interest is an incident to recovery, and in that way only can adequate compensation be made. (*Preston Co.* v. *Funkhouser*, 261 N. Y. 140; *Jacobs* v. *United States*, 290 U. S. 13; *Seaboard Air Line R. Co.* v. *United States*, 261 id. 299, *Matter of O'Berry*, 179 N. Y. 285.) The act conferred no discretion upon the Court of Claims. It simply authorized that tribunal to hear, audit and determine claims and to make a proper award. Indeed if interest be not allowed actually there is no just and equitable determination in favor of the claimants. [152 Misc. 194.]

HENRY R. BENTLEY, Respondent, v. FRED MEAL, Appellant.— Judgment unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.