Harold E. Koreman, J.
In this article 78 proceeding petitioner seeks a review of the determination of the respondent Commissioner of Mental Hygiene that health insurance premiums, retirement contributions and social security taxes paid by petitioner on behalf of its employees engaged in the community mental health program of the county are not reimbursable by the State, and an order is sought directing'the said respondent to certify petitioner’s claim for reimbursement for such expenses, and to promulgate a regulation that such expenditures are reimbursable. Petitioner seeks further that respondent Director of the Budget be directed to approve the regulations made by the Commissioner pursuant to such order.
Respondents have filed objections in point of law challenging the legal sufficiency of the petition and the court’s jurisdiction over the subject matter of this proceeding. The provisions of *453 law which give rise to this controversy are known as the “ Community Mental Health Services Act” (Mental Hygiene Law, art. 8-A). Subdivision 10 of section 7 of the Mental Hygiene Law provides in part that, with the approval of the Director of the Division of the Budget, the Commissioner of Mental Hygiene shall promulgate regulations governing the grant of financial assistance by the State in connection with the duties of the local community mental health boards. Section 191-a of the Mental Hygiene Law provides for the determination of State reimbursement, and, in part, provides that expenditures subject to reimbursement shall include salaries of qualified and necessary personnel, and operation, maintenance and service costs. The Commissioner has promulgated a regulation (14 NYCRR 100.2) dealing with the conditions and extent of State reimbursement and has determined that expenditures, subject to reimbursement, shall include, among other things, salaries and expenses of qualified and necessary personnel, and operation, maintenance and service costs. Pursuant to the provisions of the Mental Hygiene Law, petitioner filed with the Department of Mental Hygiene its voucher for State aid claiming reimbursement of 50% for expenditures including the items social security, retirement, and hospital expenses. By a ruling of the respondent Commissioner, the claim for reimbursement was reduced by the amount expended for such items with the statement “ these fringe benefits are nonreimbursable under the present program
Petitioner contends that these items should be included either as a portion of salaries or as operation, maintenance and service costs.
The argument that the so-called fringe benefits are necessarily included in either the words “ salaries ” or “ operation, maintenance and service costs ’ ’ is untenable. That these words do not necessarily include fringe benefits is evidenced by the fact that although the Social Welfare Law requires reimbursement for salaries to local welfare departments (Social Welfare Law, § 20, subd. 3, par. [c]), the "Commissioner of Social Welfare found it necessary to promulgate a regulation specifically including such benefits as reimbursable. (18 NYCRR 595.3[k].) It is also noted that the subject of reimbursement for so-called fringe benefits is treated differently by different State departments.
As stated above, the Department of Social Welfare does treat such items as reimbursable whereas the Commissioner of Health has ruled that such benefits are not reimbursable items under the Public Health Law. (10 NYCRR 40.11 [1].) In at least *454 one instance, the Legislature, in defining the term ‘ ‘ operation and maintenance”, found it necessary to specifically include the costs of providing such fringe benefits. (Public Health Law, § 1263-e, subd. 1, par. a.) Finally, that there has been a recognition that fringe benefits are not included in the reimbursable items under the Mental Hygiene Law is made plain by the fact that, for three successive years, bills have been introduced in the Legislature to specifically include the so-called fringe benefits as reimbursable items. The failure of the Legislature to amend the Mental Hygiene Law in this instance indicates a clear intention on its part that the so-called fringe benefits are not to be included. Under such circumstances, this court can hardly say that the Commissioner of Mental Hygiene was unreasonable, arbitrary or capricious in refusing to include the cost of fringe benefits as a reimbursable expenditure.
As to the respondent Director, it is not claimed here that he has failed to perform any duty enjoined upon him by law or that he has acted arbitrarily. Nevertheless, petitioner urges that since the approval by the Director of the Commissioner’s regulation is required, he should be directed to approve the regulation which the court is requested to order the Commissioner to promulgate. Any regulations of the Commissioner concerning “ fringe benefits ” would present for determination by the Director a problem concerning the financial resources and financial commitments of the State. Under the circumstances, where, as here, the petition fails to show that the Director would be required to approve a regulation such as is sought by petitioner, or that the Director’s disapproval would be arbitrary or capricious, this court may not intervene. (Matter of Foster v. Hurd, 20 A D 2d 847, mot. for lv. to app. den. 14 N Y 2d 488; Matter of Buck v. Hurd, 281 App. Div. 115.)
Accordingly, the petition is dismissed.