In the Matter of the COUNTY OF ERIE, Appellant, *v.* PAUL H. HOCH, as Commissioner of Mental Hygiene of the State of New York, et al., Respondents.

Third Department, May 26, 1966.

*Norman A. Stiller, County Attorney,* for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Robert L. Harrison* and *Ruth Kessler Toch* of counsel), for respondents.

HERLIHY, J. The petitioner, County of Erie, seeks review of a determination of the Commissioner of Mental Hygiene which denied reimbursement to it under the Community Mental Health

Service Act for the payment of employees' fringe benefits (hospital insurance, retirement funds under the State Retirement System and for Social Security coverage). The reason for the denial of such benefits was stated to be "these 'fringe benefits' are non-reimbursable under our present program."

In 1954 the Legislature enacted article 8-A of the Mental Hygiene Law captioned "Community Mental Health Service Act" (§§ 190–191-b).

Paragraph a of subdivision 3 of section 191-a of the Mental Hygiene Law during the period of the present controversy read, so far as pertinent, that expenditures subject to reimbursement shall include "salaries of qualified and necessary personnel" as well as "operation, maintenance and service costs". (L. 1961, ch. 281, § 4.) In conjunction therewith, the Commissioner promulgated subdivision (e) of section 100.2 of title 14 (14 NYCRR 100.2[e]) which provides that expenditures subject to reimbursement include: " (1) salaries and expenses of qualified and necessary personnel  *  *  *  (3) operation, maintenance and service costs  *  *  *  (5) such other expenditures as may be approved by the Commissioner of Mental Hygiene pursuant to the provisions of article 8-A."

In 1964 the petitioner presented a verified claim for reimbursement of the fringe benefits during the period in question.

It is cogently argued by the petitioner that other State agencies governed by similar statutes and supplementing regulations permit reimbursement for such fringe benefits but we find such contention not controlling on the Commissioner of Mental Hygiene nor does the fact that since the institution of these proceedings subdivision 10 of section 190-i was added do more than make the appellant's argument persuasive.

We determine that the Commissioner was not required to interpret, as the statute read, that "salaries" would include the fringe benefits here claimed nor was he mandated to promulgate regulations which might so interpret the statute.

The County of Erie in adopting this Community Mental Health Service did so subject to the law and regulations then in effect and while we find the argument presented logical and convincing, to adopt it, under the present circumstances, would have a serious and possibly catastrophic reaction on the budget of the department and open the floodgates to similar demands by other municipalities.

The judgment and order should be affirmed.

Gibson, P. J., Reynolds, Taylor and Aulisi, JJ., concur.

Judgment and order affirmed, without costs.