Sidney Squibb, J.
Claimant moves to vacate and set aside the order and judgment heretofore entered herein. Their predicate was my opinion (61 Misc 2d 517) (a) denying this movant’s motion (M-11543) for summary judgment in its favor against the defendant and (b) granting the defendant’s cross motion (M-11620) to dismiss the claim.
Throughout the voluminous motion papers and legal memoranda on said two motions argued and briefed by capable and experienced lawyers of impressive expertise, at no time was any factual issue raised. For example, in claimant’s first brief, at page 4,1 was told ‘ ‘ The facts are not in dispute. ’ ’ Without intending to overemphasize a single legal principle among others at bar, one is reminded of the declaratory statement by the late Chief Judge Loughean in Stevenson v. News Syndicate Co. (302 N. Y. 81, 87 [1950]): “ Where, however, all parties to a litigation choose to do so, they may to a large extent chart their own procedural course through the courts (Matter of Malloy, 278 N. Y. 429).” This legal precept has been utilized by our Appellate Divisions repeatedly, apparently most recently in Reilly v. Insurance Co. of North Amer. (32 A D 2d 918 [1969]).
Upon considering and reviewing everything presented on this motion and on the two initial motions, I am persuaded that the order and judgment under attack were not erroneous in fact, in law or in the exercise of .sound judicial discretion. This motion is denied.