Sidney Squire, J.
Bach side moves for summary judgment in this case wherein three causes of .action are pleaded separately. Claimant’s motion (No. M-12877) requests judgment on the first cause of action only. The defendant cross-moves (No. M-12912) for judgment dismissing the claim as to all three alleged causes.
This claim No. 52436 is one of many cases on the New York District Trial Calendar involving controversies between the august parties herein arising out of one primary legal issue: The extent to which the State must reimburse the city for moneys paid by the city to owners of properties taken for interstate highways.
The parties agree that the State has repaid the principal amounts of the applicable condemnation awards (decreed by the Supreme Court of our State) plus interest thereon for one year. The contest is as to the duration of the interest for which the defendant is liable. The State contends that according to subdivision 5 of section 340-b and subdivision 3.3 of section 349-c of our Highway Law, such interest reimbursement is limited to a period of one year. The claimant maintains that there is no such restriction. At stake are about $3,000,000 in claims pending in this court for interest beyond the respective one-year periods.
In an earlier litigation between these parties (Claim No. 47847), each side had moved for summary judgment. The papers were voluminous. The order thereon recited 31 papers. There were five briefs submitted. My memorandum-opinion appears *422 at 61 Misc 2d 517, denying the claimant’s motion and granting the defendant’s cross motion. Claimant has appealed from that order and judgment of dismissal.
In that case (but not at bar) there was present an additional legal question, i.e., as to whether the claim was timely begun. (Apparently, such Statute of Limitations problem does not exist in the claims more recently filed.) My ultimate decision in that earlier case determined that the claim was not begun within the pertinent limited statutory period. Judgment of dismissal was ordered.
Thereafter, the city moved (No. M-12380) in that case to vacate and set aside the order and judgment of dismissal. On the argument, counsel for the respective parties and I were in accord that the prime dispositive question of the extent of liability for interest, was being overshadowed in that case by the Statute of Limitations which had caused dismissal of the one case. Counsel and I recognized that if interest liability were restricted to the one year, all of these city cases must fail.
The vacatur motion was adjourned to enable the parties to select another case as a test of the prime legal issue of the length of interest liability. The case at bar was selected and the instant motions ensued. Arguments were heard (at the same time) and decisions reserved on the two motions in this ease and the vacatur motion in the earlier claim. In a memorandum-opinion dated yesterday, I denied motion No. M-12380 to vacate and set aside the order and judgment in that claim No. 47847. A short form order was signed by me contemporaneously.
The legal postures on the two motions at bar have been considered and reviewed. Again, my conclusions are as set forth at pages 517 through 534 in 61 Misc 2d. It is my determination that reimbursement for interest is not confined to the one year. The State is liable to the city for interest beyond the period of one year, in the amount demanded in the first cause of action herein. (This claim was timely served and filed.)
Claimant’s motion for partial summary judgment in its favor against the defendant for $2,085.81 and interest thereon, is granted. The case is severed so that the clerk of this court may enter judgment on the first cause of action herein for said $2,085.81 with statutory interest thereon; the issues as to the second and third causes of action being reserved and as to which a separate judgment may be entered when required.
The defendant’s cross motion (No. M-12912) to dismiss the claim is denied.
A short form order on both motions is being signed.