■ CITY OF NEW YORK, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 52436.)—Appeal from an order of the Court of Claims, entered September 25, 1970, which granted summary judgment in favor of the claimant on the first of three causes of action in its claim, severed the claim, reserving the issues in the second and third causes of action, and denied the State's cross motion for summary judgment dismissing the claim. The salient issue in this case is whether, pursuant to subdivision 5 of former section 340-b and subdivision 3.3 of former section 349-c of the Highway Law, the extent to which the State must reimburse the claimant for interest moneys paid by the claimant to owners of properties taken for interstate highways is limited to a period of one year. The Court of Claims has found that no such restriction exists (see *City of New York v State of New York,* 61 Misc 2d 517-534) and the State appeals this decision. Subdivision 5 of section 340-b provides in pertinent part that the city "shall be reimbursed in full for the costs and expenses" incurred by it in connection with acquisitions made by it for the construction of interstate highways. It further provides, however, that such reimbursement will be made "in the manner as provided in section three hundred forty-nine-c" which in turn, in subdivision 3.3, provides in part that interest paid by claimant as part of a condemnation award shall be reimbursed by the State "(provided that such interest period shall in no event exceed one year in duration from the date of vesting of title)." The Court of Claims relied heavily on the fact that subdivision 5 of section 340-b, enacted to enable the receipt of benefits from the Federal-Aid Highway Act of 1956 (70 US Stat 374), provides for reimbursement "in full" (see NY Legis Ann, 1957, pp 510–511) and construed that the "in the manner as provided by" language in subdivision 5 of section 340-b referred solely to the procedural machinery described in subdivision 3.3 of section 349-c; that is, the process of securing the various certifications

and the audit by the Comptroller and not the interest period limitation contained therein. The Court of Claims in support of its position postulated that had the Legislature intended the restriction to one year's interest be engrafted on subdivision 5 of section 340-b, the Legislature could easily have stated such restriction unequivocally (61 Misc 2d 517, 522). We cannot agree with the position of the Court of Claims. Prior to enactment of subdivision 5 of section 340-b the claimant was required to participate in the costs of interstate highway projects and subdivision 5 of section 340-b places no specific limitations on the interpretation of subdivision 3.3 of section 349-c. Moreover, it is clear that the claimant has repeatedly without avail attempted to secure legislation to eliminate the interest limitation. Thirteen proposals were introduced in the Senate and Assembly at the behest of the claimant; only four were passed by the Legislature, three of the four were vetoed by former Governor Rockefeller and one became chapter 1052 of the Laws of 1968 which amended subdivision 3.3 of section 349-c to enlarge the limitation on interest reimbursement payments to two years. Such attempts, with their accompanying rejections, additionally supply support to the State's construction of the statute involved (Matter of County of Erie v Hoch, 47 Misc 2d 452, affd 26 AD2d 4, mod 19 NY2d 854). It is clear that the "practical construction" of the statute was common knowledge and the Legislature was certainly aware of it. As stated in Engle v Talarico (33 NY2d 237, 242): "Where the practical construction of a statute is well known, the Legislature is charged with knowledge and its failure to interfere indicates acquiescence (RKO-Keith-Orpheum Theatres v City of New York, 308 NY 493)". We, accordingly, hold that the payment of interest to the claimant by the State is limited as provided in subdivision 3.3 of section 349-c. Order reversed, on the law, and the claim dismissed, with costs. Greenblott, J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.