■ VICTOR KURTZ et al., Appellants, v AMERICAN EXPORT INDUSTRIES, INC., Respondent, et al., Defendant.—Order, Supreme Court, New York County, entered February 20, 1975, unanimously modified, on the law, to grant summary judgment dismissing the action and otherwise affirmed, without costs and without disbursements. A reading of the subject debenture and the basic indenture indicates it to be in complete compliance with section 8-202 of the Uniform Commercial Code: the terms of the indenture are clearly referred to on the face of the debenture and there is no conflict between the two documents. The senior debentures to which those in suit are subordinate are undeniably in default and payment under the junior debentures need not be made in this circumstance. Thus, the plaintiffs' papers in this suit for principal and interest state no good cause. Plaintiffs-appellants cite *Friedman v Airlift Int.* (44 AD2d 459), as authority for their stand. *Friedman* is easily distinguishable (p 460). "Restrictions against suit in an indenture are not effective unless the face of the bond gives adequate notice of the restriction *(Cunningham v Pressed Steel Car Co.,* 238 App Div 624, affd 263 NY 671)." The references in the debenture to the restrictions contained in the *Friedman* indenture were rather of a general nature. The same is true of the restrictions in *Cunningham.* Not so here, where even the title of the security recited that it was a "Convertible Subordinated Debenture" with a further specific caveat of subordination to senior indebtedness, as set forth in the indenture. The court below, while correct in denying summary judgment to plaintiffs-appellants, should have also granted summary judgment dismissing the action. Though there was no formal cross motion for this relief, the informal request therefor in the papers in opposition suffices. (See *Reilly v Insurance Co. of North Amer.,* 32 AD2d 918; *City of New York v State of New York,* 64 Misc 2d 456.) Concur—Markewich, J. P., Lupiano, Capozzoli and Nunez, JJ.